IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00992-CNS-KAS

JOHN H. SLOAN,

    Plaintiff,

v.

SAMUEL P. AMBROSE,
KIARRA C. JENKINS,
ALFONSO K. CARRERA, and
THE CITY AND COUNTY OF DENVER,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants' **Motion to Dismiss Plaintiff's Third Amended Complaint** [#22][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#27] in opposition to the Motion [#22], and Defendants filed a Reply [#30]. The Motion [#22] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#23]. The Court has reviewed the briefs, the entire

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#22] be **GRANTED**.

## I. Background[3]

According to the Third Amended Complaint [#13, #13-1] (which is formally titled as "Second Amended Complaint"), Plaintiff was arrested on February 7, 2022, at the northeast corner of Fitzsimmons Parkway and East 17th Place in Aurora, Colorado. *See* [#13] at 4. Just before his arrest, the vehicle in which he was a passenger was stopped by the Denver Police Department ("DPD") because it had been reported as stolen. *Id.* After the driver was ordered to vacate the vehicle and taken into custody, Plaintiff was ordered out and handcuffed behind his back. *Id.* He was then taken by Defendant Alfonso Carrera ("Carrera"), one of the police officers, to a spot near the DPD vehicle, where Defendant Carrera asked Plaintiff a question and then searched him "in the guise of a pat-down for weapons." *Id.*

Plaintiff was then placed under arrest by Defendant Carrera and put in the back seat of the DPD vehicle. *See* [#13-1] at 1. During the trip to the police station, Plaintiff told the driver that he wanted to speak with the officer who had been in charge at the scene of his arrest. *Id.* Shortly after arriving at the station, Defendant Kiarra Jenkins ("Jenkins"),

---

[3] For the purposes of resolving the Motion [#22], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Third Amended Complaint [#13, #13-1]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To the extent that Plaintiff may provide additional allegations or possible new claims in his briefs, the Court notes that a party may not amend his complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss").

a DPD corporal, approached the vehicle and asked Plaintiff what he wanted. *Id.* Plaintiff made a complaint to her about Defendant Carrera's conduct during the arrest. *Id.* Defendant Jenkins asked no questions, acted disinterested, and walked away from the vehicle, purportedly taking no action on Plaintiff's complaint. *Id.*

Defendant Samuel Ambrose ("Ambrose"), another police officer who did not witness the arrest, used Defendant Carrera's account of the arrest to complete a probable cause statement for Plaintiff's warrantless arrest. *Id.* A judge later found probable cause for the arrest, based on that statement. *Id.* at 1-2.

On August 9, 2022, Plaintiff, through his attorney, filed a motion to suppress evidence based on Defendant Carrera's search of Plaintiff. *Id.* at 3. On September 6, 2022, prior to a hearing on the suppression motion, the government moved to dismiss all charges against Plaintiff, which the court granted. *Id.*

As a result of these allegations, Plaintiff asserts various constitutional claims against Defendants for unreasonable search, unreasonable seizure, supervisory liability, and *Monell* liability. *See id.* at 1-2; [#13] at 4. Plaintiff seeks monetary and injunctive relief. *Id.* at 5. In the present Motion [#22], Defendants seek dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"

3

*Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"; "[n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III. Analysis

**A.   Statute of Limitations**

Defendants argue that Plaintiff's claims are barred by the statute of limitations. *Motion* [#22] at 5-6. In Colorado, a two-year limitations period applies to § 1983 claims. *See McDonald v. Citibank N.A.*, No. 21-1313, 2022 WL 16557957, at *1 n.2 (10th Cir. Nov. 1, 2022) ("Because there is no federal statute of limitations for § 1983 and § 1985 actions, Colorado's two-year residual statute of limitations for personal-injury claims applies to those claims."); *Braxton v. Zavaras*, 614 F.3d 1156, 1159-60 (10th Cir. 2010) (stating that the statute of limitations for § 1983 actions brought in Colorado is two years

4

from the time the cause of action accrued). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998).

Plaintiff's initial Complaint [#1] was filed on April 12, 2024, and most of the relevant events described in the Third Amended Complaint [#13, #13-1] occurred on or about February 7, 2022, approximately two years and two months prior to the filing of this lawsuit. *See* [#13] at 4. Plaintiff argues that his claims are not barred by the statute of limitations because "[i]t was not until he was able to review the documents, contained in an archive file, received from the District Attorney's office, in response to his motion for discovery, dated Apr. 12, 2022, which was received on or after Apr. 13, 2022, did the Plaintiff learn, after reading [Defendant] Jenkins' report, . . . the fact, that he was detained at the time of [Defendant] Carrera's search of his person." *Response* [#27] at 5. At this same time, Plaintiff was able to review Defendant Ambrose's Statement of Probable Cause. *Id.* at 5-6. Later, on or about August 16, 2022, Plaintiff was able to review bodycam footage from Defendant Carrera, which was allegedly "very different" from those events detailed in Defendant Ambrose's Statement of Probable Cause. *Id.* at 6. Plaintiff states that, sometime later, he downloaded a copy of DPD's policies and procedures and learned that they were not followed in connection with this arrest. *Id.* Based on these assertions, Plaintiff states that he knew by August 16, 2022, at the earliest, of the facts underlying his claims, and therefore all of his claims are timely. *Id.*

In determining whether the statute of limitations bars a litigant's claims, the Court is limited to examining the four corners of the complaint, except under circumstances not relevant here. *See Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1169 (D. Colo. 2010) (citing

5

*Doe v. U.S. Dep't of Just.*, 753 F.2d 1092, 1116 (D.C. Cir. 1985), for the proposition that "a defense based on the statute of limitations is an affirmative defense that cannot succeed on a Rule 12(b)(6) motion unless it is unequivocally apparent from the face of the complaint that the statute precludes the action"). However, even if the Court were to consider Plaintiff's assertions, the Court still finds that most of Plaintiff's claims are time-barred. Plaintiff's assertions that he did not know whether he was formally seized, searched, or arrested on February 7, 2022, are incredulous, at best. As noted, the statute of limitations begins to run when a litigant "knows or has reason to know of the injury which is the basis of the action." *Smith*, 149 F.3d at 1154. In other words, even assuming that Plaintiff did not understand on or around February 7, 2022, whether any of his potential causes of action contained all the requisite elements to constitute viable legal claims, he generally knew or had reason to know of most of his *injuries* underlying this suit as of or around that date.

Plaintiff's first claim is titled "Unreasonable Search" and concerns Defendant Carrera's search of Plaintiff's person on February 7, 2022. *Third Am. Compl.* [#13] at 4, [#13-1] at 1. The Court finds that Plaintiff knew or had reason to know of the injury which is the basis of this claim as of that date. Thus, this first claim is barred by the statute of limitations.

Plaintiff's second claim is titled "Unreasonable Seizure of a Person" and concerns Defendant Carrera's arrest of Plaintiff on February 7, 2022. *Third Am. Compl.* [#13-1] at 1. The Court finds that Plaintiff knew or had reason to know of the injury which is the basis of this claim as of that date. Thus, this second claim is barred by the statute of limitations.

6

Plaintiff's third claim is titled "Supervisor – Unreasonable Seizure of a Person" and concerns Defendant Jenkins' failure to act on Plaintiff's complaint on February 7, 2022, about Defendant Carrera's conduct, "making [Defendant] Jenkins' inaction the impetus leading to [Plaintiff's] injuries," i.e., Plaintiff's continued arrest. *Id.* The Court finds that Plaintiff knew or had reason to know of the injury, which is the basis of this claim as of February 7, 2022, or, at the very most, within a few days of that date. In either event, the statute of limitations began to run long before April 12, 2022, i.e., two years before this action was filed. Thus, this third claim is barred by the statute of limitations.

Plaintiff's fourth claim is titled "Unreasonable Seizure of a Person – Judicial Deception" and concerns Defendant Carrera's alleged false account of Plaintiff's search and seizure given to Defendant Ambrose, who allegedly did not verify Defendant Carrera's account before using it to complete a statement of probable cause for the search and seizure before submitting it to a judicial officer, who found that probable cause existed. *Id.* at 1-2. Although these events occurred well before April 12, 2022, it is not clear from the face of the Third Amended Complaint [#13, #13-1] when Plaintiff would have known or had reason to know of this injury. In other words, there are no allegations in the Third Amended Complaint regarding when Plaintiff first had the opportunity to learn about the contents of the allegedly falsified probable cause statement. Thus, this fourth claim is not, based on the information before the Court at this time, barred by the statute of limitations.

Plaintiff's fifth claim is titled "Local Governing Body's Unlawful Custom" and concerns Defendant City and County of Denver's customs allegedly allowing Defendants Ambrose and Carrera to submit materially false statements of probable cause. *Id.* at 2.

7

Because this claim is based on the fourth claim, the Court finds that it is not, based on the information before the Court at this time, barred by the statute of limitations.

Plaintiff's sixth and final claim is titled "Local Governing Body's Policy That Fails to Prevent Violations of Law" and concerns Defendant City and County of Denver's policies which allegedly allowed Defendants Carrera, Jenkins, and Ambrose to violate the law. To the extent this claim is based on the first, second, and third claims, all of which are barred by the statute of limitations, this claim is also barred. *See Buchanan v. Turn Key Health Clinics, LLC*, No. 22-7029, 2023 WL 6997404, at *7 (10th Cir. Oct. 24, 2023) ("Municipal liability requires an underlying constitutional violation."). To the extent this claim is based on the fourth claim, which the Court found is not barred by the statute of limitations at this time, the Court finds that this claim is not, based on the current information before the Court, barred by the statute of limitations.

Accordingly, the Court **recommends** that Plaintiff's first claim ("Unreasonable Search"), second claim ("Unreasonable Seizure of a Person"), third claim ("Supervisor – Unreasonable Seizure of a Person"), and sixth claim ("Local Governing Body's Policy That Fails to Prevent Violations of Law"), to the extent premised on the first three claims, be **dismissed with prejudice** as barred by the statute of limitations. *See, e.g.*, *McGowan v. Wal-Mart Stores*, 757 F. App'x 786, 788 n.3 (10th Cir. 2019) ("A dismissal based on timeliness would ordinarily be with prejudice."); *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims barred by the statute of limitations).

**B.     Claim Four: "Unreasonable Seizure of a Person – Judicial Deception"**

As stated, Plaintiff's fourth claim concerns Defendant Carrera's alleged false account of Plaintiff's search and seizure to Defendant Ambrose, who allegedly did not verify Defendant Carrera's account before using it to complete a statement of probable cause. *Third Am. Compl.* [#13-1] at 1-2. More specifically, Plaintiff alleges that Defendant Carrera, when he arrived at the police headquarters, "intentionally gave [Defendant] Ambrose a materially false account, of his search and seizure of [Plaintiff's] person, containing misrepresentations and omissions." *Id.* at 1. Plaintiff alleges that Defendant Ambrose "did not witness, nor have any first-hand knowledge of [Defendant] Carrera's search and seizure of [Plaintiff's] person," and yet he "did not verify [Defendant] Carrera's account" before using the account "to complete a statement of probable cause, for the warrantless arrest of [Plaintiff], which [Defendant Ambrose] then swore was true and correct" before submitting the statement to a judicial officer. *Id.* at 1-2.

In general, knowingly supplying false statements in support of a probable cause statement submitted to a court is a violation of the Fourth Amendment. *See generally United States v. Moss*, No. 22-3101, 2024 WL 4541738, at *1-2 (10th Cir. Oct. 22, 2024) (discussing the Fourth Amendment and false statements made in support of probable cause in warrant affidavits). However, the Court is aware of no legal authority, and Plaintiff cites none, stating that an officer cannot rely on another officer's word when drafting a probable cause statement for the court, particularly where there are no allegations showing that Defendant Ambrose should have had reason to doubt Defendant Carrera's version of events. Regardless, even assuming that the law broadly supports these types of asserted constitutional violations, the Court cannot find that Plaintiff has adequately

9

alleged such violations here. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"; "[n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Plaintiff has provided no specifics regarding what was untrue in the probable cause statement, i.e., what Defendant Carrera allegedly lied about and what Defendant Ambrose allegedly relied on in support of the statement. Merely stating "he lied" is insufficient to demonstrate that either Defendant committed a constitutional violation here.

Accordingly, the Court **recommends** that Plaintiff's fourth claim ("Unreasonable Seizure of a Person – Judicial Deception") be **dismissed without prejudice**. *See Reynoldson v. Schillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (explaining that, if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief," particularly when the litigant is pro se, a court dismisses without prejudice so that the plaintiff can seek leave to amend).

**C.     Claims Five and Six: Customs and Policies**

Plaintiff's fifth and sixth claims both concern the customs and policies of Defendant City and County of Denver, and thus Plaintiff is asserting municipal liability claims here.

A municipality "is a 'person' subject to § 1983 liability." *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). As noted above, "[m]unicipal liability requires an underlying constitutional violation." *Buchanan*, 2023 WL 6997404, at *7. "A core principle of *Monell* liability is that municipal entities are liable for only their own actions and not vicariously liable for the actions of their employees." *Crowson v. Washington County*, 983 F.3d 1166, 1191 (10th

10

Cir. 2020). However, "[b]ecause municipalities act through officers, ordinarily there will be a municipal violation only where an individual officer commits a constitutional violation." *Id.* In addition to the requirement that there be a constitutional violation, a plaintiff must satisfy three other elements to succeed on a municipal liability claim: "(1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023).

Here, Plaintiff's claims against Defendant City and County of Denver are all directly premised on the actions of its employees, Defendants Carrera, Jenkins, and Ambrose. Because, for the reasons explained above, Plaintiff has failed to state a claim for a constitutional violation against any of these officers, he fails to meet the first element of a municipal liability claim, i.e., that there be an underlying constitutional violation.

Accordingly, the Court **recommends** that Plaintiff's fifth claim ("Local Governing Body's Unlawful Custom") and sixth claim ("Local Governing Body's Policy That Fails to Prevent Violations of Law"), to the extent premised on the fourth claim ("Unreasonable Seizure of a Person – Judicial Deception"), be **dismissed without prejudice**. *See Reynoldson*, 907 F.2d at 126.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#22] be **GRANTED**, and that Plaintiff's claims be **DISMISSED with prejudice in part and without prejudice in part**, as outlined above.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that,

11

"within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 27, 2025                                BY THE COURT:

 

Kathryn A. Starnella
United States Magistrate Judge