IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00992-CNS-KAS

JOHN H. SLOAN,

 Plaintiff,

v.

SAMUEL P. AMBROSE,
KIARRA C. JENKINS,
ALFONSO K. CARRERA, and
THE CITY AND COUNTY OF DENVER,

 Defendants.

# ORDER

  Plaintiff John H. Sloan objects to Magistrate Judge Kathryn A. Starnella's Recommendation to grant Defendants' motion to dismiss Plaintiff's third amended complaint. ECF No. 47 (Recommendation); ECF No. 49 (objection). The Court has reviewed Plaintiff's objections and upon de novo review of the Recommendation, finds that his objections lack merit. Accordingly, the Court overrules his objections and affirms Magistrate Judge Starnella's Recommendation as an order of this Court. Plaintiff's claims are dismissed with prejudice in part and without prejudice in part.

1

## I.   SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Starnella recommends that this Court grant Defendants' motion to dismiss. You filed an objection to that Recommendation, arguing that the statute of limitations on your search and seizure claims should have been tolled, and that Magistrate Judge Starnella should have permitted you to amend your claim. After analyzing the arguments raised in your objection and performing a de novo review of the findings you challenge, the Court is overruling your objections and affirming Magistrate Judge Starnella's Recommendation. The Court will explain why it is doing so further below, including a discussion of the legal authority that supports this conclusion.

## II.   BACKGROUND[1]

Plaintiff was arrested on February 7, 2022, in Aurora, Colorado. ECF No. 13 at 4. Plaintiff was a passenger in a vehicle that the Denver Police Department (DPD) pulled over because it had been reported stolen. *Id.* The officers ordered Plaintiff out of the car and handcuffed him, and Defendant Alfonso Carrera asked Plaintiff a question and searched him "in the guise of a pat-down for weapons." *Id.* Defendant Carrera then placed him under arrest and transferred to the police station. ECF No. 13-1 at 1.

On the way, Plaintiff said that he wanted to speak with the officer who had been in charge at the scene. *Id.* Defendant Kiarra Jenkins spoke with Plaintiff in the police vehicle once he arrived at the station. *Id.* Plaintiff made a complaint to her about Defendant

---

[1] The following facts are taken from the allegations in Plaintiff's third amended complaint, ECF Nos. 13 and 13-1 (continuation sheet).

2

Carrera's conduct during the arrest. *Id.* Plaintiff alleges that Defendant Jenkins asked no questions, acted disinterested, and purportedly took no action on his complaint. *Id.*

Defendant Samuel Ambrose, another police officer who had not been at the scene of Plaintiff's arrest, used Defendant Carrera's account of the arrest to complete a probable cause statement for Plaintiff's arrest. *Id.* Based on Defendant Ambrose's statement, a judge found probable cause. *Id.* at 1–2.

On August 9, 2022, Plaintiff's attorney filed a motion to suppress evidence based on Defendant Carrera's search of Plaintiff. *Id.* at 3. On September 6, 2022, prior to a hearing on the suppression motion, the government moved to dismiss all charges against Plaintiff, which the Denver County court granted. *Id.* Plaintiff then filed the present lawsuit, asserting various constitutional claims against Defendants for unreasonable search, unreasonable seizure, supervisory liability, and *Monell* liability. *Id.* at 1–2; ECF No. 13 at 4.

Defendants moved to dismiss Plaintiff's claims. ECF No. 22. This Court referred Defendants' motion to Magistrate Judge Starnella for initial determination. ECF No. 23. On February 27, 2025, Magistrate Judge Starnella recommended granting Defendants' motion. ECF No. 47. Plaintiff objected to the Recommendation, ECF No. 49, and Defendants responded, ECF No. 52. The objection is now ripe for review.

### III.   LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(6)

Defendants move to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 22 at 4. A court may dismiss a complaint for a

3

"failure to state a claim upon which relief can be granted." The dispositive inquiry is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must take all the factual allegations in the complaint as true and "view these allegations in the light most favorable" to the nonmoving party. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). On a Rule 12(b)(6) motion, a court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the [] complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal citation and quotations omitted).

The Court is cognizant that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### B. Federal Rule of Civil Procedure 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An

4

objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV.  ANALYSIS

Magistrate Judge Starnella determined that some of Plaintiff's claims are barred by the statute of limitations and some are insufficiently pleaded. ECF No. 47 at 4–11. The Court addresses these findings in turn.

### A.  Statute of Limitations: Plaintiff's Search and Seizure Claims

Plaintiff's first three claims are directly related to the February 7, 2022 search and arrest—events that occurred two years and two months before Plaintiff initiated this lawsuit on April 12, 2024. ECF No. 1; ECF No. 13 at 4. Plaintiff argues that the claims are not time-barred because he did not know that he had been "detained" when he was searched until he was able to review the files from the Denver District Attorney's office. ECF No. 27 at 5; ECF No. 49 at 9. He later reviewed body camera footage, which allegedly depicted "very different" events from those described in Defendant Ambrose's statement of probable cause. ECF No. 27 at 6. He alleges that he later learned that the arrest did not follow DPD protocol. *Id.*

Magistrate Judge Starnella determined that Plaintiff's first claim ("Unreasonable Search"); second claim ("Unreasonable Seizure of a Person"); third claim ("Supervisor – Unreasonable Seizure of a Person"); and sixth claim ("Local Governing Body's Policy That Fails to Prevent Violations of Law"), to the extent that it is premised on the first three claims, should be dismissed with prejudice as barred by the statute of limitations. ECF No. 47 at 8. She found that Plaintiff's assertions that he did not know that he had been formally seized, searched, or arrested were "incredulous at best." ECF No. 47 at 6. Because Plaintiff generally knew or had reason to know of his injuries underlying his claims—in other words, he plainly knew that he had been searched and placed into custody, regardless of whether he knew the legal significance—Magistrate Judge Starnella determined that his claim began to accrue on February 7, 2022.

Plaintiff objects to this finding, arguing that the statute of limitations should have been tolled because he did not learn the identities of the arresting officers until April 22, 2022, when he received discovery materials in connection with his underlying criminal matter. ECF No. 49 at 5–11. Plaintiff further argues that it was not until that same April date that he first discovered that he may have been detained rather than arrested when he was searched. *Id.* The Court is not persuaded.

Plaintiff undermines his argument by admitting that he "suspect[ed] misconduct on the part of Carrera" on the day of the search. ECF No. 49 at 7–8. He explains that, during his encounter with Defendant Carrera, "Plaintiff was handcuffed and forcefully lead [sic] to a nearby police vehicle. This amounts to a seizure under the Fourth Amendment." *Id.* at 7. Plaintiff even complained about the search and seizure to Defendant Jenkins the

6

day of the incident. ECF No. 13-1, ¶¶ 8–9. Plaintiff's knowledge of the injury, and his suspicion that the actions were unlawful, was enough to begin accrual on February 7, 2022, for his search and seizure claims. *Smith*, 149 F.3d at 1154. The Court reiterates that Plaintiff need not know of the legality of the actions, or know all the details of the actions; rather, the claims accrue at the time that Plaintiff learns or should have learned of the material facts. *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. . . . [I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue.").

Section 1983 claims have a two-year limitations period in Colorado, beginning at the time the action accrued. *Braxton v. Zavaras*, 614 F.3d 1156, 1159–60 (10th Cir. 2010); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (the Tenth Circuit has "made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued"). A civil rights action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quoting *Baker*, 991 F.2d at 632).

Plaintiff's first three claims are directly related to the February 7, 2022 search and arrest. Because these claims all stem from the search and arrest on February 7, 2022, they began to accrue on that date. Thus, claims one, two, and three are barred by the statute of limitations, as is claim six to the extent that it is premised on the first three

claims. Thus, the Court overrules Plaintiff's objections and agrees with Magistrate Judge Starnella that Plaintiff's unreasonable search and seizure claims are time-barred.[2]

\* \* \*

The Court has considered Plaintiff's objections and conducted a de novo review of Magistrate Judge Starnella's determinations. The Court finds that Plaintiff's objections do not warrant modification or rejection of the Recommendation. The facts as alleged in Plaintiff's third amended complaint clearly establish that his first three claims began to accrue on February 7, 2022—making those claims untimely. Moreover, to the extent that Plaintiff's sixth claim is premised on the facts underlying claims one, two, and three, that claim is similarly untimely. These claims are dismissed with prejudice. *See, e.g.*, *McGowan v. Wal-Mart Stores*, 757 F. App'x 786, 788 n.3 (10th Cir. 2019) ("A dismissal based on timeliness would ordinarily be with prejudice."); *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims barred by the statute of limitations).[3]

### B. Failure to State a Claim: Plaintiff's Post-Arrest Claims

Plaintiff's fourth claim concerns Defendant Carrera's alleged false account of Plaintiff's search and seizure to Defendant Ambrose, who allegedly did not verify

---

[2] Plaintiff also argues in his objection that the statute of limitations issue in this case should be an issue for the jury. ECF No. 49 at 11. The Court disagrees. Where, as here, the accrual date is plain from the facts alleged in the complaint, the Court may resolve the statute of limitations issue on a motion to dismiss. *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) ("A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." (internal quotation marks and alteration marks omitted)).

[3] Magistrate Judge Starnella found that Plaintiff's remaining claims—claims four, five, and six—are not barred by the statute of limitations because they plausibly occurred after April 12, 2022. ECF No. 47 at 7–8. No party objected to this determination.

Defendant Carrera's account before using it to complete a statement of probable cause. ECF No. 13-1 at 1–2. More specifically, Plaintiff alleges that Defendant Carrera, when he arrived at the police headquarters, "intentionally gave [Defendant] Ambrose a materially false account, of his search and seizure of [Plaintiff's] person, containing misrepresentations and omissions." *Id.* at 1. Plaintiff alleges that Defendant Ambrose "did not witness, nor have any first-hand knowledge of [Defendant] Carrera's search and seizure of [Plaintiff's] person," and yet he "did not verify [Defendant] Carrera's account" before using the account "to complete a statement of probable cause, for the warrantless arrest of [Plaintiff], which [Defendant Ambrose] then swore was true and correct" before submitting the statement to a judicial officer. *Id.* at 1–2.

Magistrate Judge Starnella recommends dismissing this claim without prejudice because Plaintiff provided no authority that an officer cannot rely on another officer's word when drafting a probable cause statement for a court, particularly where there are no allegations showing that Defendant Ambrose should have had reason to doubt Defendant Carrera's version of events. ECF No 47 at 9. She also determined that Plaintiff has not adequately pleaded such violations here. *Id.* at 9–10.

Similarly, Magistrate Judge Starnella recommends dismissing without prejudice Plaintiff's fifth and sixth claims. *Id.* at 10–11. Plaintiff's fifth and sixth claims both concern the customs and policies of Defendant City and County of Denver, and thus Plaintiff is asserting municipal liability claims. ECF No. 13-1 at 2–3. Magistrate Judge Starnella correctly explains that Plaintiff's claims against Defendant City and County of Denver are all directly premised on the actions of its employees: Defendants Carrera, Jenkins, and

9

Ambrose. Because Plaintiff has failed to state a claim for a constitutional violation against any of these officers, she determined that Plaintiff failed to satisfy the first element of a municipal liability claim—the existence of an underlying constitutional violation. *Id.* at 11.

Plaintiff objects to Magistrate Judge Starnella's determination that his fourth, fifth, and sixth claims be dismissed without prejudice. ECF No. 49 at 11. But he points to no facts or law that Magistrate Judge Starnella erred in finding that he failed to state a claim with respect to these claims. Instead, Plaintiff argues that Magistrate Judge Starnella erred in not permitting him to amend his third amended complaint. *Id.* at 12. However, the issue of whether Plaintiff should be permitted to amend his complaint is still pending before the Court. ECF No. 43.[4] Plaintiff's objection is thus premature. It also is not specific to a finding that Magistrate Judge Starnella made in her Recommendation, so it does not trigger de novo review. *2121 East 30th St.*, 73 F.3d at 1060 (holding that a "party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").

Accordingly, Plaintiff's objection with respect to claims four, five, and six are overruled.

### V.    CONCLUSION

Consistent with the above analysis, the Court makes the following rulings:

(1)    Plaintiff's objection, ECF No. 49, is OVERRULED;

---

[4] The Court referred that issue to Magistrate Judge Starnella. ECF No. 44. However, Plaintiff's motion was not ripe until March 21, 2025—after Magistrate Judge Starnella issued her instant Recommendation. *See* ECF No. 51 (reply to motion for leave to amend).

10

(2) The Court AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 47, as an order of this Court;

(3) Defendants' motion to dismiss, ECF No. 22, is GRANTED;

(4) Plaintiff's first three claims are dismissed with prejudice;

(5) Plaintiff's fourth and fifth claims are dismissed without prejudice;

(6) Plaintiff's sixth claim, to the extent premised on his first three claims, is dismissed with prejudice; and

(7) Plaintiff's case will remain open pending resolution of his motion for leave to amend his third amended complaint, ECF No. 43, which the Court referred to Magistrate Judge Starnella, ECF No. 44.

DATED this 31st day of March 2025.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge