IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00992-CNS-KAS

JOHN H. SLOAN,

    Plaintiff,

v.

SAMUEL P. AMBROSE,
KIARRA C. JENKINS,
ALFONSO K. CARRERA, and
THE CITY AND COUNTY OF DENVER,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Plaintiff's Third Amended Complaint for Violation of Civil Rights** [#62] (the "Motion"). Defendant filed a Response [#65] in opposition to the Motion [#62], and Plainitff, who proceeds as a pro se litigant,[1] filed a Reply [#66]. The Motion [#62] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#64]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated

---

[1] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

below, the Court **RECOMMENDS** the Motion [#62] be **GRANTED in part** and **DENIED in part**.

## I.  Background[2]

According to the proposed Fourth Amended Complaint [#62-1, #62-2, #62-3, #62-4], Plaintiff was arrested on February 7, 2022. *See* [#62-1] at 5, [#62-3] at 1. Prior to his arrest, the Denver Police Department ("DPD") stopped the vehicle in which Plaintiff was a passenger. [#62-1] at 5. Plaintiff was ordered to exit the vehicle and handcuffed behind his back. *Id.* Defendant Alfonso Carrera, one of the police officers, took Plaintiff to a spot near the DPD vehicle, where he searched Plaintiff and discovered contraband. *Id.*

Defendant Carrera then placed Plaintiff under arrest and placed him in the back seat of the DPD vehicle. *Id.* at 5. Upon arrival at the police station, Plaintiff requested to speak with the officer in charge at the scene of his arrest. *Id.* Defendant Kiarra Jenkins came over to the vehicle and asked him what he wanted. *Id.* Plaintiff stated that he suspected Defendant Carrera had committed official misconduct. [#62-3] at 1. Without responding, Defendant Jenkins walked away. *Id.*

Defendant Samuel Ambrose was another police officer on the scene but did not witness Plaintiff's search or arrest because he was conducting an inventory of the vehicle during that time. *Id.* at 2. Upon returning to the station, Defendant Ambrose used Defendant Carrera's account of Plaintiff's search to complete a Probable Cause Affidavit

---

[2] For the purposes of resolving the Motion [#62], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's proposed Fourth Amended Complaint [#62-1, #62-2, #62-3, #62-4]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

("Affidavit") for Plaintiff's warrantless arrest. *Id.* at 1-2. Defendant Ambrose's Affidavit provided:

> Officer's [sic] conducted a pat down search and felt a hard thin and circular item. From the Officers [sic] training and experience showed to be consistent with drug paraphernalia. A search incident to arrest was completed and upon searching, a pipe with brown residue and a clear and blue small cylinder containing suspected methamphetamine was removed from the suspect's . . . front right pants pocket.

*Probable Cause Affidavit* [#65-1]. A judge later found probable cause for the arrest based on Defendant Ambrose's Affidavit. *Proposed Fourth Am. Compl.* [#62-3] at 1-2.

Plaintiff alleges Defendant Carrera misrepresented the search performed when he found contraband on Plaintiff. *Id.* at 1-2. Defendant Jenkins allegedly did not review the Affidavit or Defendant Carrera's body worn camera to confirm the Affidavit's accuracy. *Id.* at 2. Plaintiff asserts that DPD has a "longstanding and widespread" policy, pattern, or practice of permitting a non-arresting officer to complete a statement of probable cause for an arrest based on the arresting officer's statements. *Id.* at 3, 5. Plaintiff further alleges that this policy, pattern, or practice enables DPD officers to submit "materially false statement[s] of probable cause to the court." *Id.* at 5, ¶ 31.

Plaintiff's proposed Fourth Amended Complaint asserts Fourth Amendment claims against Defendants based on Defendant Carrera allegedly providing false statements for inclusion in the Affidavit. *Id.* at 5-9. He also asserts state law claims of negligence against the individual Defendants. *Id.* at 5-7. Plaintiff seeks monetary and injunctive relief. [#62-1] at 6. Defendants argue that Plaintiff's proposed amendments are futile and ask the Court to deny Plaintiff's Motion. *Response* [#65] at 5-9.

## II.  Standard of Review

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give

3

leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Rule 15 "provide[s] the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Whether to grant or deny leave to amend a complaint is within a court's discretion. *Foman*, 371 U.S. at 182. Denying leave to amend is generally justified only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). In making a futility assessment, a court must accept as true the allegations in the proposed amended complaint and construe the allegations in the light most favorable to the plaintiff. *Bennett v. Wells Fargo Home Mortg.*, No. 16-cv-03185-CMA-KLM, 2017 WL 4675524, at *1 (D. Colo. Oct. 18, 2017). Ambiguities must be resolved in favor of the plaintiff, and the plaintiff must be given "the benefit of every reasonable inference drawn from the well-pleaded facts and allegations." *Id.* (internal quotation marks omitted).

### III. Analysis

**A. Defendant Carrera (Claim Two)**

Plaintiff alleges that Defendant Carrera intentionally "provided [Defendant] Ambrose details of [Plaintiff's] search and arrest . . . which he knew were materially false and contained one or more misrepresentations or omissions, which [Defendant] Ambrose used in the [Affidavit]." *Proposed Fourth Am. Compl.* [#62-3] at 4. Specifically, Plaintiff contends that by describing it as a pat down search, Defendant Carrera misrepresented the search he performed on Plaintiff that resulted in finding contraband. *Id.* at 2, 3-4, 5-6. He further states his allegations are supported by Defendant Carrera's body camera footage. *Id.* at 2, 3-4, 5-6.

Supplying false statements in support of a probable cause affidavit submitted to a court is a violation of the Fourth Amendment. *See generally United States v. Moss*, No. 22-3101, 2024 WL 4541738, at *1-2 (10th Cir. Oct. 22, 2024) (discussing the Fourth Amendment and false statements made in support of probable cause in warrant affidavits). In Response to the Motion, Defendant Carrera argues that the information supplied was not false because he conducted a search incident to arrest, which Defendant Ambrose also noted in the Affidavit. *Response* [#65] at 6-7. Defendant Carrera contends that he had probable cause to arrest Plaintiff prior to the search occurring because Plaintiff was a passenger in a stolen vehicle. *Id.* at 7. The Court disagrees.

"[D]etaining a passenger in a stolen vehicle is considered a *Terry* stop[.]" *Estes v. Poffel*, No. CIV 14-141-RAW-SPS, 2016 WL 5678967, at *4 (E.D. Okla. Sept. 30, 2016) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). During such a stop, an officer may "conduct a protective frisk of the suspect's outer clothing if she reasonably believes that the suspect

5

might be armed and presently dangerous." *United States v. Harris*, 313 F.3d 1228, 1234 (10th Cir. 2002). Here, Plaintiff specifically alleges Defendant Carrera misrepresented the nature of the search by describing it as a pat down search, or frisk. *Proposed Fourth Am. Compl.* [#62-3] at 2-7.

Based on Plaintiff's allegations, Defendant Carrera also cannot rely on a search incident to arrest to justify the information he provided for the Affidavit. "[T]o determine whether a search is incident to an arrest, [a court] ask[s] only (1) whether 'a legitimate basis for the arrest existed before the search,' and (2) whether 'the arrest followed shortly after the search.'" *United States v. Torres-Castro*, 470 F.3d 992, 998 (10th Cir. 2006) (quoting *United States v. Anchondo*, 156 F.3d 1043, 1045 (10th Cir. 1998)). Defendant Carrera did not have a basis for Plaintiff's arrest prior to his search. It is not inherently unlawful to be a passenger in a stolen vehicle. Defendant Carrera was unaware Plaintiff possessed the contraband providing the basis for his arrest until after the challenged search. Accepting Plaintiff's allegations as true, Defendant Carrera's statements to Defendant Ambrose that he completed a pat down search and/or a search incident to arrest were false. Thus, Plaintiff has proposed a viable Fourth Amendment claim against Defendant Carrera.

Accordingly, the Court **recommends** the Motion [#62] be granted as to Claim Two against Defendant Carrera.

**B.    Defendant Ambrose (Claim One)**

Plaintiff intends to assert Defendant Ambrose violated his Fourth Amendment rights when, in completing the Affidavit, he relied on Defendant Carrera's false statements concerning his search of Plaintiff. *Proposed Fourth Am. Compl.* [#62-3] at 6. Plaintiff

6

contends the Fourth Amendment required Defendant Ambrose to ensure the accuracy of Defendant Carrera's statements by viewing Defendant Carrera's body camera video prior to submitting the Affidavit to the court. *Id.* at 2.

The Tenth Circuit has long held that "[p]olice officers are entitled to rely upon information relayed to them by other officers in determining whether there is reasonable suspicion to justify an investigative detention or probable cause to arrest." *Oliver v. Woods*, 209 F.3d 1179, 1190 (10th Cir. 2000). "[T]he reliance upon this information must be objectively reasonable." *Id.* at 1191. "A police officer who acts 'in reliance on what proves to be the flawed conclusions of a fellow police officer may nonetheless be entitled to qualified immunity as long as the officer's reliance was objectively reasonable.'" *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 882 (10th Cir. 2014) (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1286 (10th Cir. 2010)). Here, Plaintiff has not alleged that Defendant Ambrose's reliance on Defendant Carrera's report was in bad faith or unreasonable.

Plaintiff asserts Defendant Ambrose "did nothing to ensure the details of the [Probable Cause Affidavit] were factual, including reviewing the video from Carrera's [body cam]." *Id.* at 2. As established, the law does not require Defendant Ambrose to do so. Unless he had reason to suspect Defendant Carrera's information was unreliable, he could lawfully rely on Defendant Carrera's report to complete the Affidavit. *See, e.g., Est. of Ward v. Pueblo Cnty.*, No. 1:23-cv-00473-CNS-MDB, 2025 WL 1359356, at *1 (D. Colo. May 9, 2025) ("[T]he 'good faith' defense shields objectively reasonable good faith reliance on the statements of a fellow officer.") (quoting *Felders*, 755 F.3d at 882). Plaintiff

7

does not allege any basis to infer Defendant Ambrose's reliance on Defendant Carrera's statements was objectively unreasonable.

Accordingly, the Court **recommends** the Motion [#62] be **DENIED** as to Claim One against Defendant Ambrose.

## C.   Defendant Jenkins (Claim Three)

Plaintiff also asserts a Fourth Amendment claim against Defendant Jenkins, in her individual and official capacities, based on the contents of the Affidavit. *Proposed Fourth Am. Compl.* [#62-1] at 2, [#62-3] at 7. Specifically, Plaintiff states that Defendant Jenkins was the "officer in charge at the scene," [#62-1] at 5, and that she was "responsible for reviewing and/or approving the reports of the officers involved in the Plaintiff's arrest." [#62-3] at 2. Plaintiff does not allege that Defendant Jenkins personally participated in the preparation of the Affidavit but instead, his claim relies on her alleged role as a supervisor. *Id.*

"Supervisory status alone does not create § 1983 liability." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). To succeed on a claim of supervisory liability, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1999)) (internal quotation marks omitted). The Tenth Circuit has further clarified that a plaintiff alleging supervisory liability must plead that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted

8

with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). In other words, an "affirmative link" must exist between the subordinates' alleged unconstitutional acts and the express or implied adoption of a plan or policy. *Id.* at 1200-01.

Here, Plaintiff specifically alleges that the individual Defendants, including Defendant Jenkins, "acted pursuant to a longstanding and widespread practice of Denver, of having an officer, with no first-hand knowledge of an arrest, complete a statement of probable cause for said arrest." *Proposed Fourth Am. Compl.* [#62-3] at 7-8. Plaintiff does not assert that Defendant Jenkins "promulgated, created, implemented or possessed responsibility for" the challenged policy, as required to find supervisory liability. *Dodds*, 614 F.3d at 1199. Instead, the policy was that of the Denver Police Department. Thus, amending the Third Amended Complaint to add this claim would be futile. *See, e.g., Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1240 (D.N.M. 2010) (explaining that supervisors "can be held liable only for their own unconstitutional or illegal policies . . . . Supervisory liability requires a showing that said policies were a deliberate or conscious choice.") (internal quotation marks omitted), *aff'd*, 499 F. App'x 771 (10th Cir. 2012).

Accordingly, the Court **recommends** the Motion [#62] be **DENIED** as to Claim Three against Defendant Jenkins.

**D.      Defendant City and County of Denver (Claims Four and Five)**

Plaintiff's fourth and fifth claims concern the customs and policies of Defendant City and County of Denver. *Proposed Fourth Am. Compl.* [#62-3] at 7-9.[3] Thus, Clams Four and Five are for municipal liability.

A municipality "is a 'person' subject to § 1983 liability." *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). "Because municipalities act through officers, ordinarily there will be a municipal violation only where an individual officer commits a constitutional violation," pursuant to a particular policy or custom. *Crowson v. Washington County*, 983 F.3d 1166, 1191 (10th Cir. 2020). "In other words, vicarious liability does not apply to a municipal entity, and such an entity cannot be liable simply because it employs someone who commits a constitutional tort. To state a claim for municipal liability, a plaintiff must allege (1) a constitutional violation (2) caused by (3) a municipal policy or custom." *Frey v. Town of Jackson*, 41 F.4th 1223, 1238 (10th Cir. 2022) (internal citation omitted).

Here, Plaintiff's proposed claims against Defendant City and County of Denver are directly premised on the actions of its employees, Defendants Carrera, Jenkins, and Ambrose. For the reasons explained above, Plaintiff has failed to state a claim for a constitutional violation against Defendants Ambrose and Jenkins. Plaintiff's claim against Defendant Carrera is based on his actions in providing a false statement for the Affidavit.

---

[3] "[G]overnmental sub-units," such as the Denver Police Department, "are not separate suable entities that may be sued under [42 U.S.C.] § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)). Plaintiff has properly named the City and County of Denver.

Plaintiff does not allege Defendant Carrera would have provided an accurate description of his search had he personally completed the Affidavit. Thus, Defendant Carrera's actions are not the result of Defendant City and County of Denver's policy of allowing a third-party officer to complete an Affidavit. *See id.* at 1239 ("The crux of a municipal-liability claim is that a municipal policy or custom *caused* the plaintiff to suffer a constitutional injury.") (emphasis added). Because the challenged policy did not result in Plaintiff's alleged constitutional violation, municipal liability cannot stand.

Accordingly, the Court **recommends** the Motion [#62] be **DENIED** as to Claims Four and Five against Defendant City and County of Denver.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion for Leave to Amend Plaintiff's Third Amended Complaint for Violation of Civil Rights [#62] be **GRANTED IN PART** as to the Proposed Fourth Amended Complaint's [#62-1, #62-2, #62-3, #62-4] Claim Two (Fourth Amendment violation against Defendant Carrera), and **DENIED IN PART** as to the Proposed Fourth Amended Complaint's [#62-1, #62-2, #62-3, #62-4] Claim One (Fourth Amendment violation against Defendant Ambrose), Claim Three (Fourth Amendment violation against Defendant Jenkins), and Claims Four and Five (Fourth Amendment violations against Defendant City and County of Denver).

IT IS FURTHER **RECOMMENDED** that Plaintiff be ordered to file a clean copy of a Fourth Amended Complaint that alleges Claim Two (Fourth Amendment violation against Defendant Carrera).

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: December 30, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge