IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00992-CNS-KAS

JOHN H. SLOAN,

      Plaintiff,

v.

SAMUEL P. AMBROSE,
KIARRA C. JENKINS,
ALFONSO K. CARRERA, and
THE CITY AND COUNTY OF DENVER,

      Defendants.

---

**ORDER**

---

Before the Court are Plaintiff John H. Sloan's objections, ECF No. 77, to the Recommendation of United States Magistrate Judge Kathryn A. Starnella, ECF No. 101, regarding Plaintiff's Motion for Leave to Amend Plaintiff's Third Amended Complaint for Violation of Civil Rights, ECF No. 62. Defendants filed a response to Plaintiff's objection, ECF No. 79. For the following reasons, the Court OVERRULES Plaintiff's objections, AFFIRMS and ADOPTS the Magistrate Judge's Recommendation (Recommendation), and GRANTS in part and DENIES in part Plaintiff's motion for leave to amend. In doing so, the Court presumes the reader's familiarity with the case's factual and procedural background, and the Recommendation. *See, e.g., Glenwood Springs Citizens' All. v. United States Dep't of the Interior*, 639 F. Supp. 3d 1168, 1174 (D. Colo. 2022) (explaining

1

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2019) (explaining courts liberally construe *pro se* filings but do not serve as advocates for *pro se* plaintiffs).

## I.     SUMMARY FOR *PRO SE* PLAINTIFF

You filed a motion for leave requesting to file a fourth amended complaint in this action. The Magistrate Judge reviewed your motion and proposed amended complaint and recommended that this Court grant your motion with respect to Claim Two (alleging a Fourth Amendment violation against Defendant Carrera) but deny the motion with respect to your remaining claims. You then filed objections to the Magistrate Judge's Recommendation. The Court has reviewed and considered your objections, but for the reasons explained below, the Court does not agree. As a result, the objections are overruled, and the Court adopts in full the Recommendations of the Magistrate Judge.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court must "review de novo the magistrate judge's recommendation as to dispositive issues." *Cassidy v. Millers Cas. Ins. Co. of Texas*, 1 F. Supp. 2d 1200, 1205 (D. Colo. 1998).[1] In

---

[1] The Court is unconvinced by Defendant's argument that Plaintiff's objections are too general and conclusory to warrant *de novo* review of the Recommendation, and that the Recommendation should instead be reviewed for clear error only. *See* ECF No. 79 at 4, 6, 7. Plaintiff's objections, which the Court construes liberally for a pro se litigant, are more robust than those proffered in other cases where courts found that party waived *de novo* review of a magistrate judge's recommendation by failing to object with the required specificity. *See, e.g., United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A]n objection stating only 'I object' preserves no issue for review.") (citing *Lockert v. Faulkner,* 843 F.2d 1015, 1019 (7th Cir.1988)); *Ziankovich v. Large*, No. 17-cv-02039-CMA-NYW, 2019 WL 4463283, at *9 (D. Colo. Sept. 18, 2019) (finding plaintiff's objection was "not sufficiently specific" because "[r]ather than alert this Court to the factual and legal issues at the heart of the Recommendation, Plaintiff's Objection is nothing more than a rehash of his arguments from his Response to the Motion to Dismiss").

reviewing objections, the District Court may "accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P 72(b)(3). "An objection to a recommendation is properly made if it is both timely and specific." *Latimore v. Denver Hous. Auth. of City & Cnty. of Denver*, No. 1:22-cv-01979-CNS-KLM, 2022 WL 4103297, at *1 (D. Colo. Sept. 8, 2022) (citing *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996)). "An objection is sufficiently specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (citing *2121 East 30th St.*, 73 F.3d at 1059).

Pursuant to Fed. R. Civ. P 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Although Rule 15 is a "mandate [] to be heeded," whether to grant or deny leave to amend a complaint is within a court's discretion. *Foman*, 371 U.S. at 182. Denying leave to amend is generally justified only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile

if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

As Plaintiff proceeds pro se, the Court construes his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not act as his advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

### III.     ANALYSIS

In the Recommendation, Magistrate Judge Starnella recommended that Plaintiff's motion for leave be granted in part with respect to Plaintiff's proposed Claim Two (Fourth Amendment violation against Defendant Alfonso Carrera), and denied in part with respect to the remaining claims in Plaintiff's proposed Fourth Amended Complaint, including Claim One (Fourth Amendment violation against Defendant Samuel P. Ambrose), Claim Three (Fourth Amendment violation against Defendant Kiarra C. Jenkins), and Claims Four and Five (Fourth Amendment violations against Defendant City and County of Denver). ECF No. 73 at 11. Below, the Court considers Plaintiff's objections, which focus on the recommended denial of his efforts to amend Claims One, Four and Five,[2] ECF No. 77, and Defendant's opposition to the objections, ECF No. 79. As explained below, the Court overrules Plaintiff's objections and affirms and adopts the Recommendation.

### A. Claim One: Fourth Amendment Violation Against Defendant Ambrose

With respect to his first claim, Plaintiff moved for leave to amend based on allegations that Defendant Ambrose violated Plaintiff's Fourth Amendment rights when

---

[2] Although not styled as such, Plaintiff only partially objects to the Recommendation, as he raises no objection to the Court's recommendation that Plaintiff's motion for leave to amend Claim III (for a Fourth Amendment violation alleged against Defendant Jenkins) be denied.

he completed a probable cause affidavit utilizing unverified information received from Defendant Carrera to justify Plaintiff's warrantless arrest. *See* ECF No. 62-3 at 5–6. The magistrate judge recommended denying the motion as to Claim One because, under Tenth Circuit precedent, amendment would be futile, as police officers like Defendant Ambrose "are entitled to rely upon information relayed to them by other officers in determining whether there is reasonable suspicion to justify an investigative detention or probable cause to arrest," ECF No. 73 at 7 (citing *Oliver v. Woods*, 209 F.3d 1179, 1190 (10th Cir. 2000)), and so long as an officer's reliance on another's statement was "objectively reasonable," "[a] police officer who acts 'in reliance on what proves to be the flawed conclusions of a fellow police officer may nonetheless be entitled to qualified immunity,'" *id.* (citing *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 882 (10th Cir. 2014)). The Recommendation also observed that "Plaintiff has not alleged that Defendant Ambrose's reliance on Defendant Carrera's report was in bad faith or unreasonable." *Id.*

With respect to Claim One, Plaintiff's objection focuses on the Recommendation's reliance on *Oliver v. Woods*, which Plaintiff contends only extends qualified immunity to officers in circumstances unlike those present in this case. Plaintiff argues that *Oliver* stands for the proposition that an officer may rely on information from another officer when determining that probable cause exists only where that determination is made "[d]uring the heat of the moment" and while the officer is conducting an investigation at the scene of an incident. ECF No. 77 at 3–4. Plaintiff reasons that in *Oliver*, "the Tenth Circuit wanted to protect officers at the scene of an incident, where the situation is fluid, and the pressure is on, where the decision has to be made, in short order, concerning probable cause,

based upon the information available at that time, be it good or flawed," *id.* at 4, and argues that same conclusion does not cover the instant situation because Defendant Ambrose was not in the heat of the moment when he relied on Defendant Carrera's statement, was sitting in an office when he completed the PCS paperwork, and had "the time and ability to validate said information being provided," but failed to do so. *Id.* at 4.

Plaintiff's arguments are unpersuasive. It is undisputed that "a police officer who acts in reliance on what proves to be the flawed conclusions of a fellow police officer may nonetheless be entitled to qualified immunity as long as the officer's reliance was objectively reasonable." *Stearns v. Clarkson*, 615 F.3d 1278, 1286 (10th Cir. 2010) (citing *Baptiste v. J.C. Penney Co.,* 147 F.3d 1252, 1260 (10th Cir. 1998)). And Plaintiff's proposed allegations do not support an inference that Defendant Ambrose's reliance on Defendant Carrera's statements to complete the probable cause affidavit was objectively unreasonable or undertaken in bad faith. Plaintiff simply alleges that Defendant Carrera provided Defendant Ambrose with information regarding his search and arrest of Plaintiff, and that Defendant Ambrose used that information to complete the probable cause affidavit without verifying the accuracy of what was conveyed to him. ECF No. 62-3 at 2.

But Plaintiff does not allege that Defendant Ambrose had any objective reason to assume that the information was inaccurate, unreliable, or inconsistent with his own participation at the scene of Plaintiff's arrest. Nor does he allege that Defendant Ambrose acted in bad faith in completing the probable cause affidavit. Accordingly, the Court overrules Plaintiff's objection and affirms the magistrate judge's conclusion that Plaintiff failed to state a claim with respect to Claim One and thus, amendment would be futile.

*See Rael v. Calkins*, No. 20-cv-02250-CMA-MEH, 2022 WL 218621, at *6 (D. Colo. Jan. 25, 2022) (concluding that plaintiff failed to establish that officer's reliance on another officer's statement in making a probable cause determination was "objectively unreasonable" where the officer's underlying observations were "consistent with the physical evidence and with [the relying officer's] own observations of the scene, and [the relying officer] had no reason to doubt [the] veracity" of the statements on which he relied).

## B. Claims Four and Five: Fourth Amendment Violations Against Defendant City and County of Denver

With respect to Claims Four and Five, Plaintiff seeks leave to amend to bring claims for municipality liability under 42 U.S.C. § 1983 against the City and County of Denver for their "longstanding and widespread practice of . . . having an officer, with no first-hand knowledge of an arrest, complete a statement of probable cause for said arrest." ECF No. 62-3 at 7–8. Put another way, Plaintiff challenges the practice of allowing officers with no firsthand knowledge of an arrest to rely on statements made by other officers when completing a probable cause affidavit. Specifically, Plaintiff alleges that, pursuant to this municipal policy, Defendant Ambrose relied on false statements from Defendant Carrera in preparing the probable cause affidavit, *id.* at 2–4, and as a result, his Fourth Amendment right against unreasonable seizure was violated by Defendants Ambrose, Carrera, and Jenkins (the latter of whom was allegedly involved in a supervisory capacity), *id.* at 8.

In the Recommendation, the magistrate judge determined that the proposed Fourth Amended Complaint failed to state a claim for municipal liability based on Defendants Ambrose and Jenkins' actions in accordance with the Defendant City and

7

County of Denver's practice of allowing officers to rely on other officer's statements when preparing probable cause statements. ECF No. 73 at 10. The magistrate judge further reasoned that Plaintiff also failed to state a claim against Defendant Carrera because Plaintiff did not allege that the probable cause affidavit would have been different had that practice not been in place and had Defendant Carrera filled out the affidavit himself. *Id.* at 11. The magistrate judge concluded that because Plaintiff failed to plead that the challenged practice resulted in any constitutional violations, municipal liability could not be established and thus amendment would be futile. *Id.*

The Court agrees with Magistrate Judge Starnella's assessment. Plaintiff's proposed amended pleading does not state a claim against any Defendant for a constitutional violation, save for Defendant Carrera, who Plaintiff alleges provided false information that was subsequently incorporated into the probable cause affidavit prepared by Defendant Ambrose. ECF No. 73 at 10. Indeed, Plaintiff does not allege that Defendant Carrera would have provided an accurate description of Plaintiff's search and arrest if that practice were not in place and he had been required to personally complete the probable cause affidavit. *Id.* at 11. Contrary to Plaintiff's argument, it not reasonable to infer from the allegation that "it is a felony to submit a statement of probable cause, to the [C]ourt, knowing that said statement is materially false," ECF No. 77 at 9 (citing ECF No. 62-3 at 18), that Defendant Carrera would have provided an accurate description of his search of Plaintiff absent the aforementioned practice. Indeed, Plaintiff alleges that Defendants were aware of their various constitutional obligations but violated them anyway. *See generally* ECF No. 62-3. The allegation Plaintiff identifies is no different and does not

reasonably support the conclusion he proposes. Accordingly, Plaintiff's objections to the Recommendation with respect to Claims Four and Five are overruled.

## IV.    CONCLUSION

Consistent with the above analysis, the Court OVERRULES Plaintiff's objections, ECF No. 77, AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation, ECF No. 73, and GRANTS in part and DENIES in part Plaintiff's motion for leave to amend, ECF No. 62. Additionally, the Court ORDERS Plaintiff to file a clean copy of the Fourth Amended Complaint that alleges Claim Two against Defendant Carrera for a Fourth Amendment violation within 14 days.

DATED this 13th day of March 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge